UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

DANIEL JOHNSON, JR.,

Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal corporation;
POLICE OFFICER CHRISTOPHER DERENZE, shield
number 14421, in his individual and official capacities;
and POLICE OFFICER JOHN DOE 1, in his individual
and official capacities.

Defendants.

------------------------------------------------------------------X

**13 CV 4362**

13 Civ. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
JUN 2 4 2013
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Daniel Johnson, Jr., by his attorneys, Beldock Levine & Hoffman LLP, hereby

alleges for his complaint against the defendants as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff seeks to recover damages and injunctive relief for, *inter alia*, the

violation of his civil rights and for physical injuries and emotional distress arising from an

unlawful New York Police Department ("NYPD") encounter in March of 2012 during which two

NYPD officers, without reasonable suspicion or probable cause, detained him because of his race

and protected speech, threw him through the glass wall of a bank, and arrested him without just

cause.

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331 and 1343, as

this action seeks redress for the violation of Plaintiff's federal constitutional and civil rights.

3.      Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28

U.S.C. § 1367(a) over any and all state constitutional or common law claims that are so related to

the claims within the original jurisdiction of this Court that they form part of the same controversy. Plaintiff has satisfied all procedural prerequisites with respect to their state law tort claims: Plaintiff served a notice of claim upon the City within 90 days of the incidents underlying his Complaint, and has otherwise complied with the statutory requirements of the General Municipal Law of the State of New York. Although 30 days have elapsed since service of his initial notice of claim, the City has not adjusted or paid such claim.

4.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

5.      Plaintiff DANIEL JOHNSON, JR., is a black man and a resident of the State of New York, County of New York.

6.      Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized under the laws of the State of New York to maintain a police department, the NYPD, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers. The NYPD's operations include the operations as described herein.

7.      Defendant CHRISTOPHER DERENZE ("Derenze"), shield number 14421, is or was at all relevant times a police officer with the NYPD. He is sued in his individual and official capacities.

8.      Defendant JOHN DOE 1 ("Doe") is and was at all relevant times a police officer with the NYPD. He is sued in his individual and official capacities. Upon information and belief,

Doe is a black man of relatively large stature who is bald and was assigned to uniformed patrol in the 32nd Precinct in a van with Derenze on the date of the incident underlying this Complaint.

## FACTUAL ALLEGATIONS

9.     On or about the afternoon of March 27, 2012, at approximately 2:30 or 3:00 pm, Plaintiff, then 17 years old and a high school student, was in the vicinity of 135th Street and St. Nicholas Avenue waiting to meet friends.

10.     Plaintiff witnessed a police presence, including at least fifteen NYPD officers, NYPD vehicles, and what appeared to be security guards from the nearby Mott Hall/ Bread and Roses High School, in and around that school at the corner of 135th Street and St. Nicholas Avenue. Plaintiff witnessed approximately sixty people also in the area, who were, upon information and belief, students from the high school.

11.     Before Plaintiff had connected with the friends he planned to meet, the NYPD officers and security guards told Plaintiff and others on the street at that corner in sum or substance to move away.

12.     Plaintiff followed these instructions and walked down 135th Street toward Frederick Douglass Boulevard.

13.     Plaintiff then stopped in front of a Chase Bank at the corner of 135th Street and Frederick Douglass Boulevard to wait for his friends.

14.     NYPD officers approached Plaintiff and told him in sum or substance that he could not stand at that location.

15.     Plaintiff followed these instructions and walked across Frederick Douglass Boulevard to a Deli also at the corner of Frederick Douglass Boulevard, further down 135th Street. Plaintiff was not instructed to leave that location.

16.    Plaintiff observed the crowd of people and officers that had been near the corner of 135th Street and St. Nicholas pass him and leave the area, walking away toward Adam Clayton Powell Boulevard.

17.    Plaintiff thereafter saw the friends he planned to meet standing across Frederick Douglass Boulevard near the Chase Bank at the corner of 135th Street, in the opposite direction of the crowd.

18.    Plaintiff began to lawfully cross Frederick Douglass Boulevard toward the Chase Bank.

19.    An NYPD van, which had been slowly driving down Frederick Douglass Boulevard, came upon Plaintiff in the cross walk and stopped. Derenze and Doe (collectively the "Individual Defendants") were in that vehicle and in uniform.

20.    The NYPD officer driving the vehicle, who was, upon information and belief, Derenze, rolled down the window and yelled to Plaintiff in sum or substance "you didn't see the fucking car?"

21.    Plaintiff responded in sum or substance "you didn't see the fucking person?"

22.    The driver, believed to have been Derenze, responded "oh you want to be an asshole."

23.    Plaintiff walked away from the van onto the sidewalk.

24.    Derenze and Doe then exited the van onto the street and charged toward Plaintiff and told him in sum or substance to put his hands against the wall of the Chase Bank.

25.    Plaintiff was not at the time engaged in any conduct that would constitute a penal law felony or misdemeanor or that would give rise to reasonable suspicion that was engaging in a

penal law felony or misdemeanor. He had not violated any traffic rules or regulations and had not otherwise committed any arrestable offense.

26.     Plaintiff said in sum or substance that he was not resisting and "what did I do?"

27.     Doe, in response, told Plaintiff to put his hands behind his back. Plaintiff was at this point up against the glass wall of the bank.

28.     Doe held Plaintiff's left hand behind his back while Derenze held Plaintiff's right hand against the glass wall of the bank.

29.     Derenze and Doe did not tell Plaintiff what he had supposedly done wrong despite his requests for that information.

30.     Plaintiff put his hands up, said "I'm not resisting," and tried to turn around and communicate to the officers that the way they were handling him was hurting his left shoulder, which had previously been injured.

31.     One of the NYPD officers, believed to have been Derenze, then grabbed Plaintiff's coat near his chest and threw him backwards through the glass wall of the bank.

32.     As a result of being thrown through the glass wall, Plaintiff suffered injuries including, *inter alia*, to his back, hands, legs, and arms. Specifically, but without limitation, Plaintiff suffered a deep and painful laceration to his right hand. Plaintiff is right-handed.

33.     Another NYPD officer, in plain clothes, pulled Plaintiff and Derenze, who was on top of Plaintiff, out of the bank.

34.     Plaintiff was placed in handcuffs and into the back of the NYPD van. Upon information and belief, Derenze was the arresting officer.

35.     Upon information and belief, Plaintiff was not properly advised of his rights.

36. Though Plaintiff's right hand was visibly bleeding, Derenze and Doe did not offer or obtain medical assistance for him. Instead, they brought him to the 32nd Precinct.

37. On route to the 32nd Precinct, the plain clothes officer (who had pulled Plaintiff and Derenze from the bank and who was also in the van) asked Derenze in sum or substance why Plaintiff was being arrested. Derenze responded in sum or substance "for being an asshole."

38. At the 32nd Precinct, Plaintiff was, upon information and belief, without just cause arrested for disorderly conduct, aggravated harassment, a vehicle and traffic law offense, resisting arrest and obstruction of governmental administration.

39. Upon information and belief, Plaintiff was only charged with resisting arrest and obstruction of governmental administration. These charges have not yet been resolved.

40. At the precinct, a member of the NYPD – not Derenze or Doe – observed Plaintiff and asked in sum or substance why he had not been given medical attention. Plaintiff then turned and saw a pool of blood on the floor behind him beneath his hands, which were still handcuffed behind his back.

41. Plaintiff was only then given medical treatment and brought to Harlem Hospital, where he received approximately six stitches to his right hand.

42. After the procedure at Harlem Hospital, Plaintiff was brought back to the precinct.

43. Plaintiff was held in the 32nd Precinct for approximately ten hours, including the time spent at Harlem Hospital.

44. Plaintiff was interviewed in the juvenile holding room at the 32nd Precinct by NYPD employees, believed on information and belief to have been investigators from the NYPD's Internal Affairs Bureau ("IAB"). Upon information and belief, Plaintiff was not properly advised of his rights before being interviewed by IAB.

6

45.     Plaintiff was thereafter transferred to Central Booking.

46.     At Central Booking and in court before his seeing the judge, an NYPD agent, assign, or employee scanned Plaintiff's eyes without obtaining Plaintiff's consent or informing him that he could refuse.

47.     Plaintiff was held for approximately 24 hours at Central Booking.

48.     Plaintiff is continuing to be subjected to wrongful prosecution.[1]

49.     As a result of being detained, Plaintiff missed one day of school.

50.     As a result of his injuries, Plaintiff missed two days of school and one day of work. At the time, Plaintiff worked in construction making $7.25 per hour.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983 – Fourth Amendment Violations
(Unlawful stop)

51.     Plaintiff repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52.     While in the course of their duties and acting under color of law, the Individual Defendants effectuated a seizure and arrest of Plaintiff without reasonable articulable suspicion of criminal activity, probable cause, or warrants.

53.     The Individual Defendants held and imprisoned Plaintiff in NYPD custody without cause and for extended periods of time.

54.     Plaintiff did not consent to being held.

55.     The Individual Defendants lacked privilege to arrest Plaintiff.

56.     At the time of Plaintiff's seizures and searches, he did not pose a threat to the safety of the Individual Defendants or the public

---

[1] At the time of the filing of this Complaint, the criminal proceedings against Plaintiff have not yet been resolved. Plaintiff reserves the right to bring additional claims for malicious prosecution.

57.     By virtue of the foregoing, the Individual Defendants each deprived Plaintiff of his rights under the Fourth Amendment and are liable to Plaintiff under 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
42 U.S.C. § 1983 – Fourth Amendment Violations
(Unreasonable Search and Seizure)

58.     Plaintiff repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59.     Upon information and belief, Plaintiff's eyes were searched and personal information about him was seized by the NYPD pursuant to a City policy directing the use of eye scans without cause.

60.     Upon information and belief, the City has no law or regulation tailoring the use of eye scans or the maintenance or use of suspect information collected through eye scans.

61.     Plaintiff did not consent to this search.

62.     By virtue of the foregoing, the City of New York deprived Plaintiff of his rights under the Fourth Amendment and is liable to Plaintiff under 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION
42 U.S.C. § 1983 – Fourth Amendment Violations
(Excessive Force)

63.     Plaintiff repeats and re-alleges paragraphs 1 through 62 as if fully set forth herein.

64.     While in the course of their duties and while acting under color of law, the Individual Defendants effected a seizure and arrest of Plaintiff by intentionally using physical force against him, including but not limited to grabbing his arms, handcuffing him, and throwing him through a glass wall.

65.     At the time of Plaintiff's seizure and arrest, he did not pose a threat to the safety of the Individual Defendants or the public.

66.    The physical attacks and handcuffing by the Individual Defendants of Plaintiff were objectively unreasonable.

67.    The Individual Defendants' use of physical force caused Plaintiff injuries including but not limited to injuries to his right hand that required stitches, injuries to his back, lost income, and emotional distress.

68.    By virtue of the foregoing, the Individual Defendants each deprived Plaintiff of his Fourth Amendment rights under the United States Constitution to be free from unreasonable searches and seizures of his person and are liable to Plaintiff under 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION
42 U.S.C. § 1983 –Fourth Amendment Violations
(False Arrest)

69.    Plaintiff repeats and re-alleges paragraphs 1 through 68 as if fully set forth herein

70.    The Individual Defendants intended to and did confine Plaintiff for an extended period of time.

71.    Plaintiff was conscious of and did not consent to the confinement.

72.    The confinement was not otherwise privileged.

73.    By virtue of the foregoing, the Individual Defendants each deprived Plaintiff of his Fourth Amendment rights under the United States Constitution to be free from unreasonable searches and seizures of his person and are liable to Plaintiff under 42 U.S.C. § 1983.

## FIFTH CAUSE OF ACTION
42 U.S.C. § 1983 –Fourteenth Amendment Violations
(Race based police misconduct)

74.    Plaintiff repeats and re-alleges paragraphs 1 through 73 as if fully set forth herein.

75.    While in the course of their duties and under color of law, the Individual Defendants effected a seizure and arrest of Plaintiff on the basis of his race and intentionally and

without reason used excessive force and deliberately humiliated him. By their actions, the Individual Defendants deliberately caused Plaintiff to fear for his safety and well-being.

76.     Upon information and belief, the Individual Defendants' purpose in using intentional force against and deliberately humiliating Plaintiff and intentionally causing him to fear for his safety and well-being served no legitimate police purpose.

77.     The Individual Defendants' actions as herein described shock the conscience.

78.     By virtue of the foregoing, the Individual Defendants each deprived Plaintiff of his Fourteenth Amendment rights under the United States Constitution to substantive and procedural due process and to equal protection under the law and are liable to Plaintiff under 42 U.S.C. § 1983.

## SIXTH CAUSE OF ACTION
42 U.S.C. § 1983 –Fourteenth Amendment Violations
(Denial of Medical Treatment)

79.     Plaintiff repeats and re-alleges paragraphs 1 through 78 as if fully set forth herein.

80.     The Individual Defendants caused Plaintiff serious injuries including a gash to his right hand, from which he was obviously bleeding.

81.     Upon information and belief, the Individual Defendants knew that Plaintiff suffered a bleeding gash in his right hand.

82.     The Individual Defendants deliberately and recklessly disregarded Plaintiff's need for immediate medical treatment.

83.     Plaintiff suffered pain and feared for his safety as a result of the Individual Defendants' actions.

84. By virtue of the foregoing, the Individual Defendants each deprived Plaintiff of his Fourteenth Amendment rights under the United States Constitution to substantive and procedural due process under the law and are liable to Plaintiff under 42 U.S.C. § 1983

## SEVENTH CAUSE OF ACTION
42 U.S.C. § 1983 – First Amendment Violations

85. Plaintiff repeats and re-alleges paragraphs 1 through 84 as if fully set forth herein.

86. Plaintiff was aware of his constitutional right to voice public disapproval of police activity without fear of arrest or assault by any police officer.

87. The duties of NYPD police officers include the duty to protect the constitutional rights of persons who wish to express their opinions publicly in a lawful manner.

88. On the date of the incidents alleged herein, Plaintiff witnessed NYPD officers treating him with disrespect and he witnessed NYPD officers stopping and arresting him without suspicion or cause. Plaintiff questioned the NYPD officers, including without limitation in words or substance responding to their disrespect and asking why he was being detained when he had done nothing wrong.

89. Plaintiff intended his statements to be public and for onlookers to hear them.

90. In response to Plaintiff's statements, he was detained, handcuffed, thrown through a glass wall, and arrested.

91. By virtue of the foregoing, the Individual Defendants each deprived Plaintiff of his First Amendment rights under the United States Constitution to freedom of speech and are liable to Plaintiff under 42 U.S.C. § 1983.

## EIGHTH CAUSE OF ACTION
New York State Constitution

92. Plaintiff repeats and re-alleges paragraphs 1 through 91 as if fully set forth herein.

93.     The Individual Defendants each subjected Plaintiff to the foregoing acts and omissions without due process of law, thereby depriving Plaintiff of rights, privileges, and immunities secured by the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges, and immunities:

     a.  Plaintiff was deprived of rights and privileges secured to him as a citizen of the State of New York, in violation of New York State Constitution Article 1, § 1;

     b.  Plaintiff was deprived of his rights to due process, in violation of New York State Constitution Article 1, § 6;

     c.  Plaintiff was deprived of rights to freedom of, in violation of New York State Constitution Article 1, § 8;

     d.  Plaintiff was deprived of his rights to equal protection under the law and was subjected to discrimination based on his race, in violation of New York State Constitution Article 1, § 11; and

     e.  Plaintiff was deprived of his rights to be free from unreasonable searches and seizures, in violation of New York State Constitution Article 1, § 12.

### NINTH CAUSE OF ACTION
New York Common Law

94.     Plaintiff repeats and re-alleges paragraphs 1 through 93 as if fully set forth herein.

95.     By the actions described above, the City and each and every Individual Defendant, jointly and severally, has committed false arrest and assault and battery against Plaintiff, which are tortious under the laws of the State of New York.

96.     In addition, the City acted negligently, recklessly, knowingly, and/or willfully in hiring, screening, training, supervision, and/or retaining of the Individual Defendants, including but not limited to endorsing, encouraging, and/or failing to prevent or remedy the culture of tolerance for excessive force.

97.    The foregoing acts and conduct of defendants were a direct and proximate cause of injury and damage to Plaintiff and violated the common law rights guaranteed to him by the laws of the State of New York.

### EIGHTH CAUSE OF ACTION
Respondeat Superior

98.    Plaintiff repeats and re-alleges paragraphs 1 through 71 as if fully set forth herein.

99.    The Individual Defendants were employees of the City at the time of the incidents alleged herein and each was acting at all relevant times within the scope of their employment with the City.

100.    The City is therefore vicariously liable for the tortious acts as described and alleged herein of the Individual Defendants under the common law doctrine of respondeat superior.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial to the extent the law so permits.

**WHEREFORE**, Plaintiff prays that the Court will:

1) Award Plaintiff compensatory damages against defendant the City of New York in an amount that is fair, just, and reasonable, to be determined at trial, including but not limited to physical injuries, loss of liberty, lost employment and wages, legal fees, costs and expenses, mental anguish, pain and suffering, inconvenience, humiliation, and fear;

2) Award Plaintiff injunctive relief in the form of an order prohibiting and/or tailoring the NYPD's use of collecting and/or maintaining suspect information through eye scans;

3) Award Plaintiff damages against Police Officers Christopher Derenze and John Doe 1 to the extent their liability is based upon actions taken in their individual capacities, in an amount that is fair, just, and reasonable, to be determined at trial, including but not limited to physical injuries, loss of liberty, lost employment and wages, legal fees, costs and expenses, mental anguish, pain and suffering, inconvenience, humiliation, and fear;

4) Award Plaintiff punitive damages against Police Officers Christopher Derenze and to the extent their liability is based upon actions taken in their individual capacities, in an amount that is fair, just, and reasonable, to be determined at trial;

5) Award Plaintiff reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

6) Award Plaintiff costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988; and

7) Award Plaintiff such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: New York, New York
June 24, 2013

BELDOCK LEVINE & HOFFMAN LLP

Jonathan C. Moore
Jenn Rolnick Borchetta
99 Park Avenue, Suite 16
New York, NY 10016
(212) 490-0400
jmoore@blhny.com
jborchetta@blhny.com

*Attorneys for Plaintiff*